**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Price, | No. CV-12-8086-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Dewey-Humboldt, et al., | |
| Defendants. | |

The court has before it defendants' partial motion to dismiss (doc. 3), plaintiff's response (doc. 5), and defendants' reply (doc. 6).

**I. Background**

Plaintiff filed an eight-count complaint arising from the termination of his employment as the Director of Community Development for the Town of Dewey-Humboldt (the "Town"). Plaintiff alleges that he was terminated in retaliation for reporting to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that defendant Town council member David Hiles intended to sell firearms without a license, and reporting to the Town's building department that defendant Town council member Mark McBrady performed remodeling work without obtaining a permit. Plaintiff asserts claims of wrongful discharge, violation of his right to free speech under the United States and Arizona constitutions, intentional and negligent infliction of emotional distress, false light invasion of privacy, and

1  breach of the covenant of good faith and fair dealing. Defendants move to dismiss certain
2  counts pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### II.  Count III – Free Speech – 42 U.S.C. § 1983 (Hiles and McBrady)

Defendants first argue that plaintiff's claim against Hiles and McBrady asserted under 42 U.S.C. § 1983 for violation of his first amendment right to free speech should be dismissed for failure to state a claim. We agree with defendants that the complaint does not contain sufficient factual allegations to state a claim against Hiles or McBrady that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Plaintiff alleges that his first amendment right to free speech was violated when he was terminated in retaliation for reporting Hiles and McBrady's allegedly unlawful conduct. Compl. ¶¶ 25, 32. However, the complaint fails to implicate Hiles or McBrady in the termination decision or in any other action that would amount to a deprivation of plaintiff's first amendment rights. By failing to allege how Hiles or McBrady personally participated in the deprivation of his constitutional rights, plaintiff has failed to state a plausible first amendment claim. Count III is dismissed as to defendants Hiles and McBrady.

### III.  Count IV– Free Speech – Ariz. Constitution (the Town)

Defendants also move to dismiss Count IV, which alleges that the Town violated plaintiff's right to free speech under the Arizona Constitution, Art. 2, § 6, when it terminated plaintiff's employment after he reported Hires and McBrady's allegedly unlawful actions. Defendants argue only that "[a]s with the Section 1983 claim, Plaintiff has failed to plead any supporting facts." Motion at 5. This alone is insufficient to support defendants' motion to dismiss. Unlike the first amendment claims against Hiles and McBrady, the complaint can be fairly characterized as alleging that the Town is responsible for terminating and retaliating against plaintiff because of his protected speech. Defendants' motion to dismiss Count IV is denied.

### IV.  Count V – Intentional Infliction of Emotional Distress (all Defendants)

In Count V, plaintiff alleges that all defendants are liable for intentional infliction of emotional distress as a result of his termination from employment for reporting unlawful

- 2 -

1 conduct.

2     To state a claim for intentional infliction of emotional distress, plaintiff must show (1)
3 conduct by each defendant that is extreme and outrageous, (2) intent by the defendant to
4 cause emotional distress, and (3) the defendant's conduct actually caused severe emotional
5 distress. Nelson v. Phoenix Resort Corp., 181 Ariz. 188, 199, 888 P.2d 1375, 1386 (Ct. App.
6 1994). The standard for "extreme and outrageous" conduct is high. It must be " beyond all
7 possible bounds of decency," and "atrocious, and utterly intolerable in a civilized
8 community." Ford v. Revlon, Inc., 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987) (quotation
9 omitted).

10     Defendants argue that none of the alleged actions was sufficiently outrageous to
11 support plaintiff's claim. We agree. In the employment context, a claim for intentional
12 infliction of emotional distress generally requires more than an adverse employment decision.
13 Id. Here, plaintiff alleges that he was terminated for speaking on a matter of public concern,
14 namely the violation of federal and local laws and ordinances by public officials. However,
15 it is not enough to simply allege wrongdoing. Without more, wrongful termination is not
16 outrageous conduct that is "beyond all possible bounds of decency" so as to give rise to a
17 claim of intentional infliction of emotional distress. Defendants' motion to dismiss Count
18 V is granted.

19         **V. Count VI – False Light Invasion of Privacy (All Defendants)**

20     Defendants next argue that plaintiff has failed to state a claim for false light invasion
21 of privacy. The tort of false light is established if the defendant "knowingly or recklessly
22 publish[ed] false information or innuendo [about the plaintiff] that a reasonable person would
23 find highly offensive." Godbehere v. Phoenix Newspapers, Inc., 162 Ariz. 335, 340, 783
24 P.2d 781, 786 (1989) (quotations omitted).

25     Plaintiff's claim for false light invasion of privacy fails because the complaint is silent
26 as to the nature of the false information or the method by which any such information was
27 published. Plaintiff alleges only that "[f]ollowing his termination, Mr. Price has attempted
28 to seek employment and upon information and belief he is receiving a negative reference

- 3 -

1 from the Town." Compl. ¶ 39. This allegation is insufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Because plaintiff has not alleged any facts as to the actual publication of false information, he has failed to sufficiently state a claim for false light invasion of privacy. Count VI is dismissed.

**VI. Count VII – Negligent Infliction of Emotional Distress (All Defendants)**

A claim for negligent infliction of emotional distress requires a showing of bodily harm, such as a physical injury or a long-term physical illness or mental disturbance. Monaco v. HealthPartners, 196 Ariz. 299, 303, 995 P.2d 735, 739 (Ct. App. 1999). Psychosomatic symptoms that present only "transitory physical phenomena" are "not the type of bodily harm which would sustain a cause of action for emotional distress." Burns v. Jaquays Mining Corp., 156 Ariz. 375, 379, 752 P.2d 28, 32 (Ct. App. 1987). Here, plaintiff's conclusory allegation of "emotional distress and bodily harm," Compl. ¶ 63, is insufficient to state a plausible claim for negligent infliction of emotional distress.

Moreover, Arizona's workers' compensation statute, A.R.S. § 23-1022(A) preempts claims for injury caused by an employer's negligence. See Irvin Invs., Inc. v. Superior Court, 166 Ariz. 113, 114, 800 P.2d 979, 980 (Ct. App. 1990) (holding that plaintiff's negligence claims against her former employer were barred by Arizona's workers' compensation law) (citing A.R.S. §§ 23-906, 23-1022). In Count VII, plaintiff alleges that defendants "unintentionally" caused him to suffer emotional distress and bodily harm. Compl. ¶ 63. Therefore, by its nature, this negligence claim is preempted by Arizona's workers' compensation statute. Plaintiff's claim for negligent infliction of emotional distress is dismissed.

**VII. Count VIII – Breach of the Covenant of Good Faith and Fair Dealing (the Town)**

- 4 -

Plaintiff alleges in Count VIII that the Town breached the covenant of good faith and fair dealing when it terminated him from employment. While every contract contains implied covenants of good faith and fair dealing, including at-will employment contracts, see Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 385, 710 P.2d 1025, 1040 (1985), such covenants "presume the existence of a valid contract," Norman v. State Farm Mut. Auto. Ins. Co., 201 Ariz. 196, 203, 33 P.3d 530, 537 (Ct. App. 2001).

We disagree with the parties' characterization of Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons, 201 Ariz. 474, 491, 38 P.3d 12, 29 (2002), as allowing for a contractual breach of the covenant of good faith and fair dealing where one party had "superior bargaining power" over the other. See Motion at 10, Response at 7. Wells Fargo held that a *tort* claim for breach of the covenant of good faith and fair dealing requires a "special relationship" "arising from elements of public interest, adhesion, and fiduciary responsibility." Id. A breach of the implied covenant in an action for *contract* damages, on the other hand, does not require the "complaining party to establish a special relationship." Id.

Wells Fargo also established that a party may breach the implied covenant of good faith and fair dealing without breaching an express covenant in the contract when he "manipulates" a "retained contractual power in bad faith." Id. at 492, 38 P.3d at 30. In other words, we consider the terms of the contract, coupled with the parties' reasonable expectations, to determine whether a party has "exercised a retained contractual power" in such as way as to "deny the other a reasonably expected benefit of the bargain." Id. The over-simplification of this analysis into a question of "superior bargaining power" misses the mark. The inherent bargaining power of the parties is not the relevant inquiry. The issue is not whether the Town, as employer, had "superior bargaining power" over plaintiff, as employee. Instead, the relevant question is whether the Town exercised a retained contractual right to the detriment of plaintiff's reasonable contractual expectations. This analysis requires an evaluation of the terms of the contract, whether express or implied. Because plaintiff has neither alleged the existence of a valid contract, nor a bad faith

manipulation of a retained contractual power, his claim for breach of the covenant of good faith and fair dealing fails to state a claim.

## VIII. Conclusion

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' partial motion to dismiss (doc. 3). IT IS ORDERED DISMISSING Count III (§ 1983–free speech) as to Hiles and McBrady, and DISMISSING Counts V (intentional infliction of emotional distress), VI (false light), VII (negligent infliction of emotional distress) and VIII (breach of covenant of good faith and fair dealing) in their entirety. IT IS FURTHER ORDERED DENYING defendants' motion to dismiss Count III (free speech–Arizona Constitution).

The following claims remain in this case: Counts I, II, III (asserted against Town only), and Count IV.

DATED this 26th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge