**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Price, | No. CV-12-8086-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Dewey-Humboldt, et al., | |
| Defendants. | |

On June 26, 2012, we entered an order granting defendants' partial motion to dismiss. We now have before us plaintiff's motion to amend the complaint (doc. 15), defendants' response (doc. 16), and plaintiff's reply (doc. 17). Defendants contend that the motion to amend must be denied because the amendments would be futile.

**Count 3 – Free Speech, First Amendment**

In Count 3 of the amended complaint, plaintiff alleges that defendants terminated him in retaliation for exercising his first amendment right to report defendants' wrongdoing. We dismissed that claim as against the individual defendants based on our conclusion that the complaint failed to implicate either Hiles or McBrady in the decision to terminate plaintiff. Plaintiff attempts to cure this deficiency by adding factual allegations that defendants Hiles and McBrady were personally involved in the decision to terminate him. Amended Compl. ¶¶ 39-48. Defendants do not contend that these new allegations are insufficient to cure the

1  pleading deficiencies. Instead, they argue that the motion to amend should be denied because
2  it is untimely. We disagree. We are at the early stages of this litigation and the amendment
3  was filed in accordance with our Rule 16 scheduling order. There is no suggestion that any
4  prejudice has resulted. We also reject defendants' conclusory statement that the Town
5  Council's actions in terminating plaintiff fall within "the scope of legislative immunity."
6  Response at 4. This is insufficient in itself to oppose the motion to amend. Plaintiff's motion
7  to amend Count 3 is granted.

### Count 4 – Free Speech - Arizona Constitution

9  Plaintiff alleges in amended Count 4 that his right to free speech under the Arizona
10 Constitution, Article 2, § 6, was violated when he was terminated for engaging in
11 whistleblowing activity. Defendants argue that this claim must be dismissed because
12 Arizona courts do not recognize a damages remedy for violations of the Arizona
13 Constitution. Even if we assume this is true, plaintiff requests equitable as well as monetary
14 relief. Therefore, defendants' argument is insufficient to show that plaintiff's amendment
15 to Count 4 would be futile.

### Count 5 – Breach of Contract

17 In amended Count 5 plaintiff asserts a new claim for breach of contract. He alleges
18 that the "Town's policies, procedures, customs, and usages created a contractual relationship
19 with Plaintiff," Amended Compl. ¶ 96, and that he "relied on contractual provisions," id. ¶
20 98. Defendants argue that these allegations are insufficient to establish a facially plausible
21 claim for breach of contract.

22 Under the Arizona Employment Protection Act ("AEPA"), employment relationships
23 are at-will unless modified by the parties either in a written contract, employment handbook
24 or manual, expressly restricting the right of either party to terminate the employment
25 relationship. A.R.S. § 23-1501(A)(2)

26 Plaintiff alleges that the Town "has a policy that accords a review or an appeal to non-
27 probationary employees who were dismissed from employment," Amended Compl. ¶ 53, and
28 a policy, practice, or custom that prevents its non-probationary employees from being

- 2 -

1  terminated without cause, id. ¶ 54, or alternatively deems non-probationary employees
2  "permanent employees," id. ¶ 55.  Under AEPA, it is not enough to show a practice or
3  custom.  Plaintiff must establish a written contract, expressly restricting the right of a party
4  to terminate the employment relationship.  And while such an agreement can be contained
5  in an employee handbook, plaintiff's speculation that the Town has a "policy, practice,
6  custom, or usage" that prevents non-probationary from being terminated without cause," id.
7  ¶ 54, is insufficient to state a plausible claim under Ashcroft v. Iqbal, 556 U.S. 662, 678, 129
8  S. Ct. 1937, 1949 (2009).  Plaintiff's motion to amend Count 5 is denied.

### Count 6 – Breach of Covenant of Good Faith and Fair Dealing

10  In amended Count 6, plaintiff proposes to state a claim for breach of the covenant of
11  good faith and fair dealing.  For the same reasons discussed above, we deny plaintiff's
12  motion to amend Count 6.

### Count 7 - Intentional Interference With Contract

14  Plaintiff asserts a new claim for the tort of intentional interference with contractual
15  relations in amended Count 7.[1]  He alleges that there was an employment contract between
16  the Town and himself, and that Hiles and McBrady interfered with that contract when they
17  caused the Town to terminate his employment.

18  "[A] cause of action in tort is available to a party to any contract, at-will or otherwise,
19  when a third party improperly and intentionally interferes with the performance of that
20  contract." Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 387, 710 P.2d 1025, 1042
21  (1985).  Generally, an employee acting within the scope of his employment cannot be liable
22  for interference with his employer's contract because he stands in the shoes of his employer
23  and not as a third party.

24  First, we have already concluded that plaintiff has failed to sufficiently plead that a
25  contract existed between the parties.  Moreover, there is no "third party" in this case.
26  Plaintiff acknowledges that "[a]t all times pertinent to this Complaint, Hiles and McBrady

---

[1] Plaintiff incorrectly designated this claim as Count 6.

- 3 -

were acting within the course and scope of their official duties with the Town." Amended Compl. ¶ 10. Therefore, acting on behalf of the Town, they could not have interfered with the Town's contract. That Hiles and McBrady were Town council members rather than employees, is a distinction without a difference. Finally, plaintiff has not alleged that Hiles or McBrady's actions were "improper" within the meaning of Wagenseller, 147 Ariz. at 388, 710 P.2d at 1043 (holding that improper conduct includes acting maliciously or for purely private advantage). Plaintiff's motion to amend Count 7 is denied.

### Count 8 – Due Process Violation – 42 U.S.C. § 1983

Plaintiff alleges in amended Count $8^2$ that his termination violated his 14th Amendment right to due process. In order to assert such a claim, plaintiff must establish a property interest in his continued employment. See Bd. of Regents v. Roth, 408 U.S. 564, 576, 92 S. Ct. 2701, 2708 (1972). Plaintiff alleges only that the "Town has a policy, practice, custom, or usage that prevents its nonprobationary employees from being terminated without cause." Amended Compl. ¶ 54. This conclusory and speculative allegation is insufficient to state a plausible claim. Plaintiff's motion to amend Count 8 is denied.

### Count 2 – Violation of A.R.S. § 23-1501(3)(D)

Plaintiff alleges in amended Count 2 that his termination violates A.R.S. § 23-1501(3)(D). On September 29, 2012, the Arizona Legislature amended § 23-1501 to eliminate § 23-1501(3)(D). See 2012 Ariz. Legis. Serv. Ch. 321 § 30 (H.B. 2571) (West). Therefore, the cause of action under § 23-1501(3)(D) is no longer viable. Amended Count 2 is dismissed.[3]

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's motion to amend (doc. 15). It is ordered granting amendments to Counts 3 and 4, and

---

[2] Plaintiff incorrectly designated this claim as Count 7.

[3] We note that plaintiff's claim in Count 1 for wrongful discharge under A.R.S. § 23-1501(3)(C) has also been modified by amendment. We do not dismiss this claim, however, because the substance of the claim remains cognizable by amended sections of the statute.

1  denying amendments to and dismissing Counts 2, 5, 6, 7, and 8. The claims remaining in this
2  action are Counts 1, 3, and 4.
3      DATED this 19th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 5 -